IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARCUS SILMON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 17-cv-1026-TJJ |
| ) | |
| TRAVELERS HOME AND MARINE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER ON MOTIONS IN LIMINE**

This matter is before the Court on Defendant's Motion in Limine (ECF No. 47) filed in anticipation of trial. Defendant's motion argues a number of areas of inquiry are inadmissible under the federal rules of evidence. For the reasons stated below, Defendant's motion is denied in part, granted in part, and other issues the Court takes under advisement until trial.

**I.    Legal Standards**

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."[1]  "A motion in limine is designed to prevent the interjection of specific evidence that is irrelevant, inadmissible, or prejudicial. . . .  A motion in limine which generally lacks specificity as to any particular evidence is properly denied."[2]

---

[1] *Mendelsohn v. Sprint/United Mgt. Co.*, 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008) (internal citation omitted).

[2] *Kimzey v. Diversified Services, Inc*, 15-1369-JTM, 2017 WL 131614, at *1 (D. Kan. Jan. 13, 2017) (internal citations omitted).

**II.    Topics**

    **A.    Those as to which Plaintiffs raise no objection.**

Defendant moves in limine to preclude evidence of or reference to a number of matters to which Plaintiffs raise no objection. The Court lists each using the number Defendant assigned in its motion:

    1. Evidence and argument comparing the size, power and wealth of Plaintiffs and Defendant;

    2. Evidence and argument regarding the insurance industry in general;

    3. Evidence regarding other claims and lawsuits;[3]

    4. Evidence and argument regarding redaction of certain portions of claim file;

    5. Lay witness opinion testimony regarding the cause of the claimed damage;[4]

    7. Questions, evidence, and argument regarding information sought in the application for the insurance policy in question;

    9. Evidence regarding Plaintiffs' personal property claim;

    10. Evidence regarding Plaintiffs' additional living expense claim;

    14. Evidence regarding actions taken by defendant during the litigation; and

    16. Opinion testimony regarding the value of the dwelling.

Accordingly, the Court grants Defendant's motion with respect to the matters listed above.

    **B.    Issues related to Plaintiffs' claim of breach of covenant of good faith and fair dealing in claim handling**

---

[3] Plaintiffs' counsel is free to cross-examine Defendant's expert witness regarding other cases in which he has been retained by Defendant to testify as an expert.

[4] Plaintiffs are entitled to testify regarding their observations of their house before and after the tree fell on it.

Defendant argues that Plaintiffs should be precluded from attempting to introduce evidence at trial in support of a claim that Defendant breached a covenant of good faith and fair dealing in its handling of Plaintiffs' claim. The basis of Defendant's argument is that Plaintiffs did not include such claim in their complaint, and that Plaintiffs made no mention of fraud or the special investigation unit referral in their answer to an interrogatory inquiring about facts in support of Plaintiffs' allegation that Defendant refused to pay "without just cause or excuse." Plaintiffs disagree and point to the section of the Pretrial Order entitled "Legal Claims of Plaintiffs:"

> The plaintiffs contend that the defendant breached its contract of insurance with them and that it is liable for attorney fees under Kansas law. The defendant breached its covenant of good faith and fair dealing in the handling of this claim.[5]

Defense counsel acknowledged he does not claim unfair surprise that Plaintiffs would attempt to introduce evidence at trial on the following issues included in its motion: (8) evidence regarding alleged health problems of plaintiffs and/or their family members while the insurance claim was pending; (11) evidence that Defendant suspected fraud or misrepresentation and referred Plaintiffs' claim to a special investigative unit; (12) evidence of Al Wheeler's employment prior to Travelers; and (15) evidence and argument regarding the propriety of Defendant's claim handling. Instead, Defendant argues evidence on these topics is irrelevant because Plaintiffs failed to allege any claim handling impropriety in their complaint.

The Court concludes that Plaintiffs are entitled to introduce evidence and argue that Defendant breached its covenant of good faith and fair dealing in handling Plaintiffs' claim. However, the Court takes under advisement ruling on items 8, 11, 12, and 15 and will allow Defendant to further brief the issue if counsel finds relevant and persuasive legal authority to

---

[5] Pretrial Order (ECF No. 37) at 5.

support its position.  Defendant shall file any additional authority no later than close of business on **Thursday, February 1, 2018.**  Plaintiffs may respond no later than **February 5, 2018**. All filings shall be succinct.

### C.     Remaining items

In item 6, Defendant seeks to exclude questions and argument suggesting or intimating that Defendant takes race and/or socio-economic status into account when making claims decisions and/or underwriting decisions.  The Court reserves ruling on this matter until trial, and Plaintiffs' counsel committed to raise the issue outside the presence of the jury before attempting to elicit such testimony.

In item 13, Defendant seeks to exclude any statements by Defendant not disclosed in pretrial discovery. The Court denies the motion as to this item, as it is clear the parties' discovery included statements by Defendant's representatives.

In item 17, Defendant seeks to exclude evidence and argument regarding exacerbation of dwelling damage as a result of Travelers' alleged failure to mitigate and alleged failure to pay full amount of loss in a timely manner.  Specifically, Defendant wants to preclude Plaintiffs' expert witness Nathan Petitjean and Plaintiffs from offering such testimony.  The Court reserves ruling with respect to Mr. Petitjean until trial.  With respect to Plaintiffs, the Court denies the motion.  Plaintiffs are entitled to testify about their observations of their home.

IT IS THEREFORE ORDERED that Defendant's Motion in Limine (ECF No. 47) is granted without objection as to items 1, 2, 3, 4, 5, 7, 9, 10, 14, and 16.  Defendant's motion is denied as to item 13 and that portion of item 17 relating to Plaintiffs.  The Court takes under advisement items 6, 8, 11, 12, 15, and that portion of item 17 relating to Nathan Petitjean.

IT IS SO ORDERED.

5

Dated this 30th day of January, 2018 at Kansas City, Kansas.

                                               _/s/ Teresa J. James_
                                               Teresa J. James
                                               U. S. Magistrate Judge